```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SAMANTHA NGUYEN AND LINH VAN                CIVIL ACTION
PHAM


VERSUS                                      NO: 06-4130


ST. PAUL TRAVELERS INSURANCE                SECTION: "R"(1)
COMPANY
```

This document pertains only to Civil Action No. 06-4130.

## ORDER AND REASONS

Before the Court are plaintiffs Samantha and Linh Van Pham Nguyen's motion for reconsideration of the December 1, 2006 order granting defendant The Standard Fire Insurance Company's motion to stay litigation and compel appraisal.[1]  For the following reasons, the Court GRANTS the motion to reconsider and DENIES the motion to stay litigation and compel appraisal.

## I.   BACKGROUND

The named plaintiffs in this matters, Samantha and Linh Van Pham Nguyen, are Louisiana property owners whose property

---

[1] Standard Fire is incorrectly named as St. Paul Travelers Insurance Company in plaintiffs' state court petition.

sustained damage as a result of Hurricane Katrina.  They have filed a class action on behalf of themselves and all other Standard Fire policyholders who sustained damage as a result of Hurricanes Katrina and/or Rita, alleging that the "loss payment to each insured does not include overheard and profit as required by the policy."  (*See* Civ. Action No. 06-4130, R. Doc. 1-2, at 4).  Plaintiffs filed their purported class action in Civil District Court for the Parish of Orleans on June 27, 2006.  Standard Fire then removed this action to federal court on August 4, 2006, at which time it was assigned to Section F.

On August 31, 2006, in response to the filing of this lawsuit, Standard Fire notified plaintiffs of its intention to invoke the appraisal provision in its insurance policy to set the value of plaintiffs' loss.  Standard Fire then filed on September 1, 2006 a motion to stay litigation pending appraisal and to compel appraisal.  On October 26, 2006, the court denied Standard Fire's motion without prejudice "[b]ecause the Court is unable to determine from the briefs and unsworn evidence submitted by both parties whether defendant's attempt to invoke the appraisal process is timely, or whether the only issue raised by the suit is one of law for the Court . . . ."  (R. Doc. 18).  On November 15, 2006, Standard Fire re-urged the motion.  On December 1, 2006, the Court granted Standard Fire's motion as unopposed.

Plaintiffs then filed this motion for reconsideration under Rule 60 of the Federal Rules of Civil Procedure. In the meantime, this matter was transferred to this Section on February 15, 2007.

**II. DISCUSSION**

    **A.  Motion for Reconsideration**

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider *in haec verba*. *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985). Nevertheless, the Fifth Circuit has held that a motion for reconsideration to reinstate a case may be classified under either Rule 59 or Rule 60, depending upon the time of filing. *See id.; see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). Because plaintiffs filed the motion within ten days of entry of the Court's December 1, 2006, order, the Court will treat it as a motion to reconsider under Rule 59. Therefore, plaintiffs' request to reconsider the Court's order is a Rule 59(e) motion to "alter or amend the judgment." *See Pryor*, 769 F.2d at 285.

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co., Inc.*

*v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Lavespere*, 910 F.2d at 173. A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly. *See Fields v. Pool Offshore*, 1998 WL 43217, *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999). This is because the court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Bohlin*, 6 F.3d at 355. Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *See, e.g., Grenier v. Saltz*, 2005 WL 78941, *2 (E.D. La. Jan. 12, 2005). Relevant factors in deciding a motion to reconsider under Rule 59(e) may include, *inter alia*, the reason for the moving party's default and the prejudice to the non-moving party. *Cf. Lavespere*, 910 F.2d at 174 (considering these factors when the basis for the motion was to submit new evidence). The Court may also consider the conduct of counsel in deciding the motion. *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). Ultimately, the

Court must approach a motion to reopen on a case-by-case basis. *Id.* at 324-25.

While not explicitly stating so, plaintiffs contend that the Court should grant their motion to reconsider to prevent manifest injustice.  Specifically, plaintiffs object to the December 1, 2006 order in Section F to the extent that the court's ruling was based on the fact that plaintiffs' opposition to Standard Fire's re-urged motion was untimely.  Plaintiffs, while conceding that their opposition was untimely, represent that they filed their opposition on November 30, 2006, two days after it was due, because they had attempted to resolve the motion with counsel for Standard Fire through a telephone conference that day such that it would be unnecessary for the Court to enter a ruling on the motion.  (R. Doc. 32-2, at 2).  Given that plaintiffs had previously filed a timely opposition to Standard Fire's first motion to stay litigation and compel appraisal, that they had made a good faith effort to resolve the matter without expending further judicial resources, and that their opposition was filed a mere two days late, the Court finds that the interests of justice militate in favor of granting the plaintiffs' motion to reconsider.  Moreover, while, as Standard Fire points out, the court stated in its December 1, 2006 order that "it appear[s] to the Court that the motion has merit," this Court notes that

plaintiffs' opposition, which the other Section did not consider, included a sworn affidavit attesting to the validity of certain evidence that had been previously presented to the court through plaintiffs' opposition to Standard Fire's initial motion to stay litigation and compel appraisal.  The Court therefore grants the motion to reconsider the December 1, 2006 order granting Standard Fire's motion to stay litigation and compel appraisal.

    **B.   Motion to Stay Litigation and Compel Appraisal**

On August 31, 2006, Standard Fire notified plaintiffs of its intention to invoke the following provision in plaintiffs' insurance policy:

> **Appraisal.**  If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.  The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will set the amount of loss.
>
> Each party will:
> a. Pay its own appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.

(*See* Civ. Action No. 06-4130, R. Doc. 21-4, at 16-17).  Standard

Fire asserts that, under the terms of the policy, once a party has requested an appraisal of the disputed amount of loss, the conflict should be resolved through the appraisal process provided for in the policy, not through litigation.  The Court rejects this bald assertion under the policy language and under Louisiana law.

The appraisal clause at issue here does not set a specific deadline as to when the parties may demand an appraisal of the loss, but, at the same time, it does not provide the parties with an indefinite right to invoke the appraisal clause.  Rather, as another court in the Eastern District recently held in an analogous case, the appraisal clause must be invoked within a reasonable time period after a dispute as to the amount of loss arises.  See *Newman v. Lexington Ins. Co.*, 2007 WL 1063578, at *4 (E.D. La. Apr. 4, 2007) (citing several cases).  In determining what constitutes a reasonable time period, the Court looks to what Louisiana courts have done in similar contexts.  In *W.P. Sevier v. United States Fid. & Guar. Co.*, the Louisiana Supreme Court held that an insurer's failure to demand appraisal within 60 days of receipt of a satisfactory proof of loss rendered the demand untimely and thus the plaintiff did not have to submit to the requested appraisal process.  497 So. 2d 1380, 1384 (La. 1986).  The court apparently based its holding on the "When loss

payable" provision contained in the Standard Fire Policy set forth in La. Rev. Stat. § 22:691(F), which, at the time *Sevier* was decided, required that payment must be made within 60 days after receipt of proof of loss.[2]  Whether applying the holding in *Sevier* directly or by analogy to the case at hand, the Court finds that 60 days from receipt of a proof of loss is a reasonable time period within which an insurer must demand appraisal of the amount of loss.  *Cf. Newman*, 2007 WL 1063578, at *4 (holding that a demand for appraisal made "approximately two months after plaintiffs' lawsuit was filed" was made within a reasonable time period).  This conclusion is buttressed by the fact that the policy at issue states that "[l]oss will be payable 60 days after we receive your proof of loss and: a. Reach an agreement with you; b. There is an entry of a final judgment; or c. There is a filing of an appraisal award with us."  (*See* Civ. Action No. 06-4130, R. Doc. 21-4, at 17).

  Here, the Court concludes that the appraisal demand was untimely.  It is undisputed that plaintiffs submitted to Standard Fire on or about April 25, 2006 a letter from plaintiffs' counsel, to which was attached a report from plaintiffs' adjuster.  Standard Fire contends that this report does not

---

[2]  La. Rev. Stat. § 22:691(F) now requires that payment must be made within 30 days of receipt of proof of loss.

8

constitute a "proof of loss" under Louisiana law, such that receipt of the document would start the 60-day period within which it must demand an appraisal. This Court rejects this argument. In the report, the adjuster states his concerns with certain aspects of Standard Fire's estimate of plaintiffs' loss, including that "the estimate does not include or address the question of overhead and profit. The standard industry rate for this area today is between 30 and 35%." (R. Doc. 8-2, at 2). In the letter submitted by plaintiffs' counsel, he adds: "Mr. Elwyn's critiques are well-founded, and I respectfully request that you please address them immediately. Hopefully, we can resolve this matter without having to resort to litigation." (R. Doc. 8-2, at 1). Notably, plaintiffs' counsel states that the adjuster "has no significant disagreements" with Standard Fire's evaluation of the scope of the damage caused by Katrina's winds. (*Id.*).

In Louisiana, proof of loss is not required to be in any formal style. *See Sevier*, 497 So. 2d at 1384 (applying the logic of cases decided under La. Rev. Stat. § 22:658, which penalizes insurers for failure to pay claims, to proof of loss in a case in which an insurer demanded appraisal); *Arcadia Bonded Warehouse Co. v. National Union Fire Ins. Co.*, 206 La. 681, 691 (La. 1944) (holding that after an insurance company adjusted a loss and

refused to pay more, it was not necessary for the insured to submit proof of loss on the company's form). "As long as the insurer receives sufficient information to act on the claim, 'the manner in which it obtains the information is immaterial."' *Sevier*, 497 So. 2d at 1384 (*citing Austin v. Parker,* 672 F.2d 508, 520 (5th Cir. 1982)); *see also Gregoire v. Sea Ray Marine Services, Inc.,* 1989 WL 111612 at *5 (E.D. La. 1989) (holding that a demand to fund a settlement constituted sufficient proof of loss). The Court finds that, under Louisiana's liberal standards for determining whether a proof of loss is sufficient, counsel's letter and adjuster's report constitute adequate proof of loss. The documents advised Standard Fire of the amount claimed as to contractor overhead and profit (*i.e.*, 30 to 35 percent of the cost of repairs). Once Standard Fire received these documents, Standard Fire had sufficient information to act on the claim, either by compensating plaintiffs under the policy or disputing the claim via the appraisal process.

Thus, because Standard Fire made a request for appraisal on August 31, 2006, approximately four months after it received sufficient proof of loss from plaintiffs, the Court concludes that Standard Fire's request for appraisal was untimely and that plaintiffs are not required to submit to the appraisal procedure. *See Sevier*, 497 So. 2d at 1384 (untimely demand for appraisal

relieves insured of obligation to undergo appraisal process). Further, as the Court finds that Standard Fire's request for appraisal was untimely, it declines to rely on that request to stay a properly initiated proceeding.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiffs' motion for reconsideration and DENIES Standard Fire's motion to stay litigation and compel appraisal.

New Orleans, Louisiana, this \_6th\_ day of June, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT

11