UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAMANTHA NGUYEN AND LINH VAN PHAM | CIVIL ACTION |
| VERSUS | NO: 06-4130 |
| ST. PAUL TRAVELERS INSURANCE COMPANY | SECTION: "R"(1) |

This document pertains only to Civil Action Nos. 06-5235 and 06-5236.

## ORDER AND REASONS

Before the Court are motions to compel appraisal and stay litigation in the above-listed cases filed on behalf of defendants Lexington Insurance Company and The Standard Fire Insurance Company.[1]  Because these motions concern identical questions of law, the Court has consolidated its ruling in these matters for the sake of efficiency.  For the following reasons, the Court GRANTS the motion to compel appraisal and stay litigation and DENIES the motion to dismiss in Civ. Action No. 06-5235, and DENIES the motion to compel appraisal and stay litigation in Civ. Action No. 06-5236.

---

[1] Standard Fire is incorrectly named as St. Paul Travelers Insurance Company in plaintiffs' state court petition.

**I.   BACKGROUND**

Plaintiffs in these matters are Tuong Nguyen (Civ. Action No. 06-5235) and Elfera Brown, Kimberly Brown, Lisa Brown, and Emmanuel Spann (Civ. Action No. 06-5236), Louisiana property owners whose property sustained damage as a result of Hurricanes Katrina and/or Rita. They have filed a class action on behalf of themselves and all other Lexington (Civ. Action No. 06-5235) and Standard Fire (Civ. Action No. 06-5236) policyholders who sustained damage as a result of Hurricanes Katrina and/or Rita, alleging that defendants compensated their policyholders for the "payment of profit and overhead at an unreasonably low level" in the aftermath of these storms. (*See* Civ. Action No. 06-5235, R. Doc. 1, at 2; Civ. Action No. 06-5236, R. Doc. 1, at 2). Plaintiffs contend that the payment made to each purported class member for overhead was 10 percent and for profit was 10 percent. (*Id.*). They assert that this payment "does not adequately compensate the plaintiff for the loss suffered." (*Id.*).

In response to the filing of these lawsuits, defendants invoked the appraisal provision in their respective insurance policies to set the value of plaintiffs' losses. Defendants now contend that plaintiffs have refused to participate in the appraisal process and ask the Court to compel plaintiffs to do so. They also ask the Court to stay the litigation in the

meantime.  Defendants assert that the plain language of their respective policies requires plaintiffs to participate in the appraisal process before they can pursue legal action. Plaintiffs argue that these motions are untimely and that the Court should rule on their pending motions for class certification before addressing defendants' motions to compel appraisal and stay litigation.

## II.  DISCUSSION

Both of the insurance policies at issue include the following provision:

> **Appraisal.**  If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other.  The two appraisers will choose an umpire.  If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.  The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will set the amount of loss.
>
> Each party will:
> a. Pay its own appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.

(*See* Civ. Action No. 06-4130, R. Doc. 47-3, at 16; Civ. Action

No. 06-5236, R. Doc. 19-5, at 2). Lexington invoked the appraisal provision as to Nguyen's claim on December 22, 2006. (R. Doc. 47-7, at ¶ 3). Standard Fire invoked the appraisal provision as to Spann's claim on November 21, 2006. (R. Doc. 19-3, at ¶ 3).

Plaintiffs first argue that appraisal is inappropriate when the issue is one of coverage, not a dispute over the amount of the loss. This argument is misplaced. Quite simply, plaintiffs' request for additional money above the amounts they have already received for contractor overhead and profit is a dispute over the amount of plaintiffs' losses. In fact, Spann concedes in his opposition to Standard Fire's motion that "[t]he question of the amount an insurer is required to pay in contractor overhead and profit is an issue that may be subject to appraisal." (Civ. Action No. 06-4130, R. Doc. 55, at 6). Thus, appraisal is appropriate as to the amounts in dispute here.

Plaintiffs next contend that defendants' respective appraisal demands were untimely because they were each made more than 30 days after submission of a proof of loss. Neither appraisal clause at issue here sets a specific deadline as to when the parties may demand an appraisal of the loss, but, at the same time, they do not provide the parties with an indefinite right to invoke the appraisal clause. Rather, as another court

4

in the Eastern District recently held in an analogous case, the appraisal clause must be invoked within a reasonable time period after a dispute as to the amount of loss arises.  See *Newman v. Lexington Ins. Co.*, 2007 WL 1063578, at *4 (E.D. La. Apr. 4, 2007) (citing several cases).  In determining what constitutes a reasonable time period, the Court looks to what Louisiana courts have done in similar contexts.  In *W.P. Sevier v. United States Fid. & Guar. Co.*, the Louisiana Supreme Court held that an insurer's failure to demand appraisal within 60 days of receipt of a satisfactory proof of loss rendered the demand untimely and thus the plaintiff did not have to submit to the requested appraisal.  497 So. 2d 1380, 1384 (La. 1986).  The court apparently based its holding on the "When loss payable" provision contained in the Standard Fire Policy set forth in La. Rev. Stat. § 22:691(F), which, at the time *Sevier* was decided, required that payment must be made within 60 days after receipt of proof of loss.[2]  Whether applying the holding in *Sevier* directly or by analogy to the case at hand, the Court finds that 60 days from receipt of a proof of loss is a reasonable time period within which an insurer must demand appraisal of the amount of loss. *Cf. Newman*, 2007 WL 1063578, at *4 (holding that a demand for

---

    [2] La. Rev. Stat. § 22:691(F) now requires that payment must be made within 30 days of receipt of proof of loss.

appraisal made "approximately two months after plaintiffs' lawsuit was filed" was made within a reasonable time period). This conclusion is buttressed by the fact that both policies at issue state that "[l]oss will be payable 60 days after we receive your proof of loss and: a. Reach an agreement with you; b. There is an entry of a final judgment; or c. There is a filing of an appraisal award with us." (*See* Civ. Action No. 06-4130, R. Doc. 47-3, at 16; Civ. Action No. 06-5236, R. Doc. 19-5, at 2).

Here, the Court concludes that the appraisal demand in Civ. Action No. 06-5235 was timely and that the appraisal demand in Civ. Action No. 06-5236 was untimely.  In Civ. Action No. 06-5235, plaintiff contends that the filing of the complaint on August 28, 2006 serves as satisfactory proof of loss under Louisiana law.  While this may be true, it is uncontested that plaintiff did not request from the District Court Clerk that a summons on the complaint be issued as to Lexington through the Louisiana Secretary of State until October 27, 2006.  (Civ. Action No. 06-5235, R. Doc. 5).  That summons was served on November 1, 2006.  (*Id.* at R. Doc. 8).  However, counsel for Lexington avers that he did not become aware of plaintiff's attempt to serve Lexington until November 28, 2006 because Lexington had appointed the Louisiana Insurance Commissioner, not the Secretary of State, as its agent for service of process.

6

(Civ. Action No. 06-4130, R. Docs. 107-2, 107-4). Moreover, counsel for Lexington spoke with counsel for plaintiff sometime between November 28, 2006 and December 8, 2006, at which time the parties agreed that Lexington would not contest service of the summons and complaint and, in return, Lexington would have until January 12, 2007 to file a responsive pleading. (*Id.*). In any event, it is undisputed that Lexington, which invoked the appraisal provision in plaintiff Nguyen's policy on December 22, 2006, did so within 60 days of receipt of the complaint in this matter. (*See* Civ. Action No. 06-4130, R. Doc. 47-4). The Louisiana Supreme Court has stated that "[a]s long as the insurer *receives* sufficient information to act on the claim, 'the manner in which it obtains the information is immaterial.'" *Sevier*, 497 So. 2d at 1384 (citing *Austin v. Parker*, 672 F.2d 508, 520 (5th Cir. 1982)) (emphasis added). Because Lexington did not receive plaintiff's proof of loss until at least November 2006, its demand for appraisal was timely in Civ. Action No. 06-5235.

By contrast, in Civ. Action No. 06-5236, plaintiff Spann submitted a Damage Assessment & Reparation Proposal regarding his property to a representative of Standard Fire no later than May 26, 2006 when plaintiff's property adjuster met with a Standard Fire representative and informed him of plaintiff's disagreement with Standard Fire's adjustment of plaintiff's claim. (*See* Civ.

Action No. 06-4130, R. Doc. 55-2).  Moreover, counsel for plaintiff represents that he sent the damage estimate report to Standard Fire on April 19, 2006.  (*Id.* at R. Doc. 55-3).[3]  In any event, by May 26, 2006, plaintiff's adjuster had submitted to Standard Fire his objections to its decision to pay plaintiff an amount that included only 10 percent for contractor overhead and 10 percent for contractor profit.  (*Id.* at R. Doc. 55-2).  This undoubtedly put Standard Fire on notice as to plaintiff's disagreement with the adjustment of his loss amount.  That Standard Fire thereafter tendered plaintiff a supplemental payment does not render irrelevant his initial proof of loss, particularly given that Standard Fire's supplemental payment fell short of the amount plaintiff sought in that proof of loss.[4]

---

[3] The report prepared by plaintiff's adjuster states: "Overhead and profit allowed by Travelers is 20% per their estimate which is not the standard industry allowance for this area at this time due to the lack of contractors, labor, professional and experienced technicians, and materials. . . . The accepted standard industry allowance of Overhead and Profit has been acceptable up to 35%." (Civ. Action No. 06-4130, R. Doc. 55-2, at 13).

[4] Standard Fire's initial damage assessment for Spann's property totaled approximately $5,000.  (*See* Civ. Action No. 06-4130, R. Doc. 55-3).  Plaintiff's adjuster placed his total loss at $42,363.03.  (*Id.*).  In June 2006, Standard Fire issued Spann a supplemental payment in the amount of $18,908.71.  (*See* Civ. Action No. 06-4130, R. Doc. 69-2).  As such, there was a discrepancy of about $18,000 between what plaintiff represented were his damages in his proof of loss and what he was paid by Standard Fire as of June 2006.

Because Standard Fire did not invoke the appraisal provision until November 21, 2006, its demand was untimely as it was made long after 60 days from the receipt of plaintiff's proof of loss. Spann therefore is not required to submit to the appraisal process.  See *Sevier*, 497 So. 2d at 1384 (untimely demand for appraisal relieves insured of obligation to undergo appraisal process).  Further, because the Court finds that Standard Fire's request for appraisal was untimely, it declines to rely on that request to stay a properly initiated proceeding.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Lexington's motion to compel appraisal and stay litigation in Civ. Action no. 06-5235.  The Court therefore orders the parties to participate in the appraisal process as specified in the policy, and hereby stays the matter pending its outcome.  The Court DENIES the motion to dismiss.  In Civ. Action No. 06-5236, the Court DENIES Standard Fire's motion to stay litigation and compel appraisal.

New Orleans, Louisiana, this __6th__ day of June, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT