UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SAMANTHA NGUYEN ET AL.                      CIVIL ACTION


VERSUS                                      NO: 06-4130


ST. PAUL TRAVELERS INSURANCE                SECTION: "R"(1)
COMPANY

This document pertains to Civil Action Nos. 06-4130, 06-5228, 06-
5230, 06-5232, 06-5233, and 06-5236.


## ORDER AND REASONS

Before the Court are the motions to dismiss and to strike
class allegations filed by defendants State Farm Fire and
Casualty Insurance Company, Essex Insurance Company, Auto Club
Insurance Company, Standard Fire Insurance Company, and Fidelity
and Guaranty Insurance Company[1] in these consolidated proceedings
which involve the insurers' alleged underpayment of overhead and
profit following Hurricanes Katrina and Rita.[2]  For the following
reasons, the Court DENIES State Farm's motion to dismiss and to

---

[1] Standard Fire and Fidelity & Guaranty were incorrectly
named as St. Paul Travelers Insurance Company.

[2] Of the other consolidated cases, plaintiffs in *Wright v.
Safeco Insurance Company*, 06-5231, voluntarily dismissed their
case, *Tuong Nguyen v. Lexington Insurance Company*, 06-5235, is
currently stayed, and no motion to dismiss has been filed in
*Cuccia v. Standard Fire*, 07-3559.

strike class allegations and DENIES Essex's motion to dismiss. The Court GRANTS Standard Fire's motion for judgment on the pleadings and GRANTS Auto Club's motion to dismiss.

## I.   BACKGROUND

On June 27, 2006, Samantha Nguyen and Linh Van Pham filed a petition for damages in state court against Standard Fire. (Case No. 06-4130).  Plaintiffs own property in Louisiana that was damaged as a result of Hurricanes Katrina and/or Rita.  They allege that defendant breached its insurance contract with plaintiffs by not including general contractor's overhead and profit costs when adjusting plaintiffs' insurance claims. Plaintiffs seek to bring their action on behalf of themselves and a class of persons defined in their petition. (R. Doc. 1-2).

On January 5, 2007, Judge Feldman consolidated *Melancon v. State Farm*, *Vu v. Essex*, *Bass v. Auto Club*, and *Brown v. Standard Fire* with 06-4130.  Plaintiffs in these four cases allege that defendant insurance companies underpaid their insureds for overhead and profit when adjusting their hurricane damage claims. (R. Docs. 34-39).  Two weeks later, plaintiffs in *Vu v. Essex* sought leave to amend their complaint, which Judge Feldman granted. (R. Doc. 58).  On February 15, 2007, the Clerk of Court realloted the cases to this Section. (R. Doc. 75).  On May 10,

2007, the Court granted the motion of the plaintiff, Billy Melancon, in 06-5230 to file an amended complaint against State Farm. (R. Doc. 136). On June 6, 2007, the Court entered a scheduling order setting deadlines for the parties to conduct discovery on class certification issues, providing a briefing schedule on motions for class certification, and providing a hearing date. (R. Docs. 144, 158, 165).

On May 29, 2007, State Farm filed a motion in 06-5230 to dismiss plaintiff's supplemental and amending complaint and to strike class allegations. (R. Doc. 141). State Farm contends that: (1) plaintiff fails to state a claim for breach of contract; (2) plaintiff fails to state a claim under Louisiana's insurance statutes; and (3) plaintiff's class action allegations should be stricken because individual issues predominate and plaintiff has not met the pleading requirements of either Local Rule 23 or Federal Rule of Civil Procedure 23.

On August 10, 2007, Auto Club Insurance Company filed a motion to dismiss in 06-5233 and joined in State Farm's motion to dismiss and to strike class allegations. (R. Doc. 160). On September 25, 2007, Standard Fire and Fidelity & Guaranty filed a motion for judgment on the pleadings and to strike class allegations in 06-4130, 06-5228 and 06-5236. (R. Doc. 194). Their motion includes arguments similar to those raised by State

Farm in its May 29, 2007 motion to dismiss and to strike class allegations, including that (1) plaintiffs fail to state a claim for breach of contract; (2) plaintiffs fail to state a claim for penalties and attorneys' fees; and (3) plaintiffs' class allegations should be stricken.  On October 2, 2007, in 06-5232, Essex Insurance Company filed a motion to dismiss and to strike class allegations and adopted the other motions previously filed. (R. Doc. 212).

On October 31, 2007, the Court heard oral argument on State Farm's and Standard Fire's motions to dismiss and to strike class allegations.  The Court issued a minute entry the same day ordering that the class certification hearing proceed on the claims against State Farm alone, and instructing the parties to submit any proposed modifications to the class certification schedule.

## II.  DISCUSSION

### A.  Motions to Dismiss

#### 1.  Legal Standard

In a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), or in a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court requires "enough facts to state a claim to relief that is

4

plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) ("the standard for dismissal under Rule 12(c) is the same as that for dismissal ... under Rule 12(b)(6)"). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations and quotation marks omitted).

Federal Rule of Civil Procedure 8 provides the general rules of pleading.  Pursuant to Rule 8(a):

> A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ...[3]

Rule 8 requires that the pleading "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation marks omitted).  Although a complaint need not contain "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, it must show the that the pleader is entitled to relief and include more than mere "labels and

---

[3] Language reflects 2007 amendments, effective December 1, 2007, absent contrary Congressional action.

conclusions." Fed. R. Civ. P. 8(a); *Twombly*, 127 S. Ct. at 1964-65; *Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.").

### 2.  *Melancon v. State Farm* (06-5230)

In his supplemental and amending complaint, which incorporates the allegations of his original complaint, plaintiff alleges that he has a State Farm insurance policy on his property located at 126 Satsuma Drive, Buras, Louisiana.[4] (R. Doc. 136, ¶ 17).  He alleges that his property was damaged during Hurricanes Katrina and/or Rita, and that pursuant to his insurance policy, State Farm owed him the value of his lost or damaged property, including any accidental direct physical loss and damage caused by windstorm or hurricane. (*Id.* ¶ 19-20).

Plaintiff contends the policy provides for payment of the cost to repair or replace his property with similar construction or "the actual cash value of the damaged part of the property." (*Id.* ¶ 21-22).  Melancon further alleges that State Farm

---

[4] State Farm originally filed a motion to dismiss and motion to strike class allegations, or in the alternative, motion for more definitive statement, on December 11, 2006. (R. Doc. 18, 06-5230).  The motion was terminated after plaintiff stipulated to amend his complaint. (R. Doc. 111).  Plaintiff filed an amended complaint on May 11, 2007. (R. Doc. 135).

determined he was entitled to a payment based on the actual cash value of his property. (*Id.* ¶ 22) ("State Farm has already determined that Melancon ... [was] entitled to payments for the 'actual cash value of lost or damaged property'").[5]  Plaintiff alleges that as part of its determination of actual cash value, State Farm determined that plaintiff was entitled to contractor overhead and profit at twenty percent of total costs of repairing or replacing the property.  Plaintiff alleges that twenty percent was an unreasonable and arbitrary figure "in light of the greatly increased O&P figures ... actually faced by Melancon." (*Id.* ¶ 26).  Plaintiff further alleges that State Farm's payment of ten percent overhead and ten percent profit, which was not the full amount of overhead and profit that the plaintiff was entitled to, was a breach of contract because State Farm had a "contractual obligation to pay actual cash value for the damaged or destroyed insured property." (*Id.* ¶¶ 24-25).  Thus Melancon alleges that State Farm failed to pay the cash value due under the contract.  Finally, plaintiff alleges that defendant's failure to pay him

---

[5] During oral argument, counsel for State Farm pointed to an endorsement in plaintiff's policy that states that plaintiff is entitled to replacement cost value, and State Farm insists that plaintiff was paid on a replacement cost basis.  This is inconsistent with plaintiff's allegations in the Complaint.  Such an endorsement exists in State Farm's policy, but there is no evidence that Melancon was paid pursuant to the endorsement.

the full amount he was entitled to was arbitrary, capricious, and/or without probable cause, and therefore constituted bad faith.  Melancon claims that he is entitled to penalties, interest, attorneys' fees, and general and punitive damages pursuant to La. Rev. Statutes §§ 22:658 and/or 22:1220. (*Id.* ¶ 31).

Accepting all plaintiff's well-pleaded facts as true, the Court finds that plaintiff has stated a claim for breach of contract.  The plaintiff's claim is, in essence, that he was entitled, under the loss provision of the policy, to receive the actual cash value of his damaged property and that when defendant settled with him on an actual cash value basis, it did not pay him the full amount due because defendant underpaid overhead and profit.  Defendant argues that plaintiff's complaint must be dismissed because he has not alleged a breach of a specific policy provision, citing *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) and *Bergeron v. Pan Am. Assurance Co.*, 731 So. 2d 1037, 1045 (La. App. 1999).  In *Louque*, plaintiff sued Allstate and challenged its alleged policy of refusing to settle minor-impact, soft-tissue injury claims.  The Fifth Circuit noted that "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision."  The Court held that because

8

plaintiff had failed to cite any policy provision requiring
Allstate to settle claims before trial, she had failed to state a
claim for breach of contract. *Louque*, 314 F.3d at 783; *see also*
*Bergeron*, 731 So. 2d at 1045 (La. App. 1999) (affirming dismissal
of plaintiffs' breach of contract claims where plaintiffs failed
to point out any provision of the written insurance policy which
had allegedly been breached).   The *Louque* and *Bergeron* cases are
inapposite to the *Melancon* complaint.   Plaintiff refers in his
complaint to the Loss Settlement provisions of his insurance
policy with State Farm, which provide for "the cost to repair or
replace with similar construction" or "the actual cash value of
the damaged part of the property." (R. Doc. 136 ¶ 21-22).[6]
Plaintiff asserts that "[t]he fundamental dispute raised by [his]
petition is whether the 10% overhead and 10% profit payment paid
by Defendants ... constitutes a breach of contract and State
Farm's contractual obligation to pay actual cash value for the
damaged or destroyed insured property by failing to pay the full

_____

[6] State Farm included with its motion to dismiss and to
strike class allegations certified copies of plaintiff's flood
policy and homeowner's policy.  The Court will consider these
documents without converting the motion to one for summary
judgment because they are referenced in plaintiff's complaint.
*See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288
(5th Cir. 2004) ("Documents that a defendant attaches to a motion
to dismiss are considered part of the pleadings if they are
referred to in the plaintiff's complaint and are central to her
claim.").

amount of overhead and profit that the plaintiff and putative class members were entitled to." (*Id.* ¶ 25).  Defendant should be familiar enough with its own insurance policy to have sufficient notice of the provisions affecting replacement costs and/or actual cash value.  The Court finds that plaintiff has provided defendant fair notice of the nature and the basis of his claim for breach of contract.

Defendant additionally argues that plaintiff has failed to state a claim for breach of contract because plaintiff has pleaded no facts that demonstrate the type of damage to his property, the nature or complexity of the repairs, that he hired a general contractor who charged more than State Farm's twenty percent estimate, that his actual replacement costs exceeded what he has already been paid by State Farm, or that State Farm has refused to pay any amounts plaintiff submitted for repair or replacement costs above his insurance payment.  As plaintiff's counsel explained at oral argument, defendant prepared a worksheet with all of plaintiff's estimated costs to repair or replace his lost or damaged property.  Plaintiff accepts all of defendant's calculations except for the overhead and profit amount, which he contends defendant underpaid.  Plaintiff alleges that he is entitled, as part of his actual cash value payment, and before repairing or replacing his lost or damaged property,

10

to a reasonable amount of overhead and profit, which State Farm did not pay him.  The plaintiff is correct that the policy authorizes payment of actual cash value before any repairs or replacement takes place, and regardless if such measures are never taken.

     The Court finds that plaintiff has sufficiently alleged that defendant breached the insurance contract by paying him less than the actual cash value of his damaged property by virtue of underpaying overhead and profit.  These are "allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  In a factually similar case, the plaintiffs alleged that their insurer breached their insurance contracts by not using up-to-date fair market values for materials and labor in calculating their actual cash value settlements. *Jones v. National Sec. Fire & Cas. Co.*, 2006 WL 3228409 (W.D. La. 2006), *aff'd John v. National Sec. Fire & Cas. Co*. --- F.3d ---, 2007 WL 2743633 (5th Cir. 2007). Plaintiffs alleged that actual cash value is equal to replacement cost value less deprecation, and replacement cost value must account for the impact of Hurricanes Katrina and Rita on the costs of supplies and labor, including overhead and profit costs. *Id.* at *2-3.  The court held that plaintiffs had alleged

11

sufficient facts to state a claim for relief. *Id.* at *4.

Defendant also argues that plaintiff's claims to damages and attorneys' fees pursuant to Louisiana Revised Statutes 22:658 and/or 22:1220 must fail because "a plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which insurance coverage is based." *Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So. 2d 83, 85 (La. App. 1995); *Phillips v. Patterson Ins. Co.*, 813 So. 2d 1191, 1195 (La. App. 2002). Because the Court has found that plaintiff has stated a claim for breach of contract and because defendant raises only the alleged insufficiency of the contract claim as a basis to dismiss the plaintiff's bad faith claims, the Court denies defendant's motion to dismiss the bad faith claims.

### 3.   *Vu et al. v. Essex* (06-5232)

Essex asserts that plaintiffs' supplemental and amending complaint contains the same allegations as those made by Billy Melancon against State Farm and therefore joins in the arguments made by State Farm in its motion to dismiss.[7]  The Court agrees

_____

[7] The Vus filed a supplemental and amending complaint after Magistrate Shushan granted Essex's motion for a more definite statement. (R. Doc. 15, 06-5232).  The Magistrate Judge issued the order on December 20, 2006, shortly before the case was transferred to this Section.  Plaintiffs filed their supplemental and amending complaint on January 29, 2007.

that the Vus' allegations against Essex are similar to those alleged by Melancon against State Farm, although not identical.

The Vus allege that they had an insurance policy with Essex on their property located at 14367 Chef Menteur Highway, New Orleans, Louisiana. (R. Doc. 59 ¶ 17).  Plaintiffs allege that windstorm was a covered cause of loss under their policy. (*Id.* ¶ 19).  Plaintiffs further allege that in the event of a covered loss, the policy requires Essex either to pay the value of the lost or damaged property, or to pay the cost of repairing or replacing the lost or damaged property. (*Id.* ¶ 21).  Plaintiffs allege that they suffered damage during either Hurricane Katrina or Rita and that Essex determined they were entitled to payment for the value of their lost or damaged property, as opposed to the cost to repair or replace their damaged property. (*Id.* ¶ 25). As part of its determination of the cash value of plaintiffs' lost or damaged property, plaintiffs allege that Essex determined they were entitled to contractor overhead and profit of twenty percent of their total costs to repair or replace the damaged property. (*Id.* ¶ 23, 25-26).  Plaintiffs allege that the twenty percent overhead and profit was unreasonable "in light of the greatly increased O&P figures ... faced by the Vu's [sic]." (*Id.* ¶ 27).  The complaint further alleges that Essex had a duty to investigate and determine what the actual overhead and profit was

in the area in order to "fully pay the value of lost or damaged
property as required by the policies." (*Id.* ¶ 30).  Finally,
plaintiffs allege that Essex's conduct was arbitrary, capricious
and without probable cause, and seek penalties, interest,
attorney's fees, general damages, and punitive damages pursuant
to La. Rev. Statutes § 22:658 and/or 22:1220. (*Id.* ¶ 33).

    The Court finds that plaintiffs have pleaded enough facts to
state a claim to relief for defendant's breach of contract that
is plausible on its face. *See Twombly*, 127 S. Ct. at 1974.  As
alleged in *Melancon*, plaintiffs allege that they settled with
defendant on an actual cash value basis, that defendant breached
its contract by not "fully" paying the cash value of plaintiffs'
lost or damaged property, and that defendant's breach resulted
from an underpayment of overhead and profit.

    **4.   *Brown et al. v. St. Paul Travelers* (06-5236)**

    Standard Fire and Fidelity & Guaranty move for judgment on
the pleadings pursuant to Rule 12(c) in *Samantha Nguyen v.
Travelers* (06-4130), *Vu Nguyen v. Travelers* (06-5228), and *Brown
v. Travelers* (06-5236).[8]  Standard Fire's arguments are
substantially the same as State Farm's, although Standard Fire

_____

    [8] Standard Fire issued homeowners' policies to plaintiffs
Samantha Nguyen, Linh Van Pham, Elvera Brown, Kimberly Brown,
Lisa Brown and Emmanuel Spann.  Fidelity & Guaranty issued a
commercial property insurance policy to plaintiff Vu Nguyen.

also asserts that plaintiffs cannot prevail on their claims for
attorneys' fees because La. Revised Statutes §§ 22:658 and
22:1220 do not authorize attorneys' fees for their claims.  In
its opposition to defendant's motion for judgment on the
pleadings, plaintiff incorporates by reference its opposition to
State Farm's motion and also seeks leave to amend the complaints.
(R. Doc. 244).

    The *Brown* complaint contains different allegations than the
other two; therefore the Court will consider it first.
Plaintiffs in *Brown* allege that Hurricane Katrina and/or Rita
caused physical damage to their property. (R. Doc. 1 ¶¶ 3-4, 06-
5236).  After the hurricanes, plaintiffs made a claim to
Travelers, their insurer, for the damage to their property.
Plaintiffs allege that defendant determined that they had a
covered loss. (*Id.* ¶ 4).  Further, plaintiffs allege that
defendant either paid them, or is in the process of paying them,
and defendant determined that as part of this payment, plaintiffs
are entitled to ten percent overhead and ten percent profit.
(*Id.*).  Plaintiffs allege that the cost of overhead and profit is
higher than twenty percent and that the payment does not
adequately compensate them for their loss. (*Id.* ¶¶ 3-4).
Plaintiffs additionally allege that defendant breached its
contract by unreasonably failing to pay them "all of the benefits

15

due them under the terms of their policies," and unreasonably failing to pay them the proper amount of contractor's overhead and profit. (*Id.* ¶ 12). Finally, plaintiffs allege that as a result of defendant's arbitrary, capricious and unreasonable conduct, they are entitled to recover full insurance proceeds, as well as statutory penalties and attorneys' fees. (*Id.* ¶ 14-15).

The Court finds that plaintiffs have not pleaded sufficient facts to state a claim to relief for defendant's alleged breach of contract. The loss settlement provisions of the Standard Fire insurance policy provide for the payment of actual cash value or replacement cost value of an insured's damaged property. (R. Doc. 194-4 at 20). Plaintiffs have not alleged on what basis they were paid or that they were not paid either full actual cash value or replacement cost. There is no provision of the Standard Fire policy that entitles plaintiffs to a certain percentage of overhead and profit. Plaintiffs' failure to tether their overhead and profit claim to a policy provision is therefore fatal to their claim. Unlike Melancon, plaintiffs have not alleged that they were not paid the actual cash value of their property by virtue of defendant's underpayment of overhead and profit. They have simply alleged that they were entitled to market-rate overhead and profit. Plaintiffs' breach of contract claims are dismissed without prejudice. *See Louque*, 314 F.3d at

782 (dismissing plaintiff's claim for breach of contract where she failed to cite any policy provision obligating defendant insurer to provide her requested relief).

Plaintiff's claims for penalties and attorneys' fees pursuant to La. Rev. Statutes §§ 22:1220 and 22:658 are also dismissed. "[A] plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which insurance coverage is based." *Clausen*, 660 So. 2d at 85; *Phillips*, 813 So. 2d at 1195.

Defendants contend that plaintiffs' claims for attorneys' fees should be dismissed on the independent ground that La. Rev. Statutes §§ 22:658 and 22:1220 do not authorize attorneys' fees.[9] Section 22:1220 provides for penalties, but does not permit attorneys' fees. The version of § 22:658 in place in the immediate aftermath of Hurricane Katrina did not provide for attorneys' fees either. The Louisiana Legislature amended § 22:658 on June 30, 2006 to provide for "reasonable attorney fees and costs." This amendment took effect August 15, 2006 and is not retroactive. *See* La. Acts 2006, No. 813 § 1; La. Const. art.

---

[9] Plaintiffs do not plead the statutory basis under which they seek relief, but defendant has assumed that plaintiffs seek penalties and attorneys' fees under La. Rev. Statutes §§ 22:658 and 22:1220. (R. Doc. 194-2 at 9).

17

3, § 19 (stating that all laws enacted during a regular session of the legislature shall take effect on August 15 of the calendar year in which the regular session is held); La. Rev. Stat. § 1:2 ("No Section of the Revised Statutes is retroactive unless it is expressly so stated.").  Plaintiffs filed their complaint on August 28, 2006, but the complaint does not include any dates regarding when defendants adjusted their claim or acted in an arbitrary, capricious, and unreasonable manner.  Although it appears that defendants' conduct occurred before August 15, 2006 (and not in the two weeks before plaintiffs filed their complaint), the Court does not have sufficient information before it at this time to dismiss plaintiffs' claims for attorneys' fees on this ground.

**5.  *Samantha Nguyen et al. v. St. Paul Travelers* (06-4130); *Vu Nguyen v. St. Paul Travelers* (06-5228)**

Plaintiffs Samantha Nguyen, Linh Van Pham (06-4130) and Vu Nguyen (06-5228) claim that defendant breached its insurance contract with plaintiffs by not including any overhead and profit in its calculation of their insurance settlement.[10]  Plaintiffs allege that they were insured by defendant, that they made an

---

[10] The complaints in *Samantha Nguyen* and *Vu Nguyen* are in all practical respects identical.  There are slight differences because Samantha Nguyen originally filed her petition for damages in state court whereas Vu Nguyen filed his complaint in federal court.

insurance claim for damage to their property from Hurricanes Katrina and/or Rita, and that defendant's insurance payment did not include overhead and profit, as required by their policies. (R. Doc. 1-2 ¶ 3; R. Doc. 1 ¶ 4, 06-5228).  Plaintiffs allege that defendant's failure to pay them contractor's overhead and profit was a breach of contract. (*Id.* ¶ 11; ¶ 13).  Plaintiffs further allege that as a result of defendant's arbitrary, capricious and unreasonable conduct they are entitled to recover full insurance proceeds, statutory penalties, and attorneys' fees. (*Id.* ¶ 13; ¶ 15).  Finally, plaintiffs seek an injunction preventing defendant from withholding overhead and profit from claim payments in the future. (*Id.* ¶ 14; ¶ 16).

    The Court finds that plaintiffs have failed to allege a breach of contract because plaintiffs (1) do not refer to any provision of their insurance policy that entitles them to overhead and profit; (2) do not explain under what circumstances an insured is entitled to overhead and profit; and (3) do not show that plaintiffs meet such circumstances.  Not all of defendant's insurance settlements, whether settled on an actual cash value basis or a replacement cost basis, will necessarily include overhead and profit.  At the very least, plaintiffs needed to allege that it was reasonably likely they would need the services of a general contractor, or allege some basis in the

19

facts or the contract language demonstrating an entitlement to overhead and profit as part of their insurance payment. *See, e.g., Edwards v. Allstate Prop. & Cas. Ins. Co.*, 2005 WL 221558 (E.D. La. 2005) (dismissing plaintiff's claim that Allstate under-adjusted her insurance claim by failing to compensate her for contractors' overhead and profit where plaintiff did not allege or identify any facts or circumstances that would demonstrate the need for a general contractor's overhead and profit costs). Because plaintiffs do not allege any contractual basis for defendant's duty to pay them overhead and profit, plaintiffs have not stated a claim for breach of contract. *See Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("a complaint, which contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice"); *Louque*, 314 F.3d at 782. Plaintiffs' breach of contract claims are dismissed without prejudice.

Plaintiffs' claims for penalties and attorneys' fees pursuant to La. Rev. Statutes §§ 22:1220 and 22:658 are also dismissed because plaintiffs have not alleged a valid, underlying breach of contract claim. *See Clausen, supra*. The Court also dismisses the *Samantha Nguyen* plaintiffs' claim for attorneys' fees for the independent reason that they filed their complaint

20

in state court on June 26, 2006, prior to the Louisiana
Legislature's amendment of La. Rev. Statute § 22:658 to provide
for attorneys' fees.

**6.  *Bass et al. v. AAA* (06-5233)**

Auto Club's motion to dismiss primarily addresses why the
Court should strike plaintiffs' class allegations, but also
incorporates by reference the arguments made by State Farm in its
motion to dismiss and to strike class allegations.  The *Bass*
complaint is identical, other than different plaintiffs' and
defendants' names, to the *Brown* complaint.  For the same reasons
as discussed above, the Court finds that the complaint does not
contain sufficient pleadings to state a claim for breach of
contract.  Plaintiffs' complaint is dismissed without prejudice.

**7.  Leave to Amend**

The Court has discretion to grant plaintiffs leave to amend
their complaints "when justice so requires." *See* Fed. R. Civ. P.
15(a).  The Supreme Court has held that "[i]f the underlying
facts or circumstances relied upon by a plaintiff may be a proper
subject of relief, he ought to be afforded an opportunity to test
his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182
(1962).  Leave to amend, however, is not automatic. *Halbert v.
City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994).  Factors the
Court should consider include "undue delay, bad faith or dilatory

21

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636 (5th Cir. 2007).  After consideration of these factors, the Court grants plaintiffs in *Brown v. Travelers*, 06-5236, *Samantha Nguyen v. St. Paul Travelers*, 06-4130, *Vu Nguyen v. St. Paul Travelers*, 06-5228, and *Bass v. Auto Club*, 06-5233, leave to amend their complaints.

**B.    State Farm's Motion to Strike Class Allegations**

State Farm claims that plaintiff's class allegations are so insufficient as to merit being struck at this preliminary stage, before proceeding to the class certification hearing to be held in December of 2007.[11]  Although the Court has authority to strike class allegations on the face of the complaint, the Court finds that there are factual issues regarding whether Melancon's class claims are appropriate for certification, and therefore it is premature to strike the class allegations at this time. *See, e.g., Aguilar v. Allstate Fire & Cas. Ins. Co.*, 2007 WL 734809, at *2 (E.D. La. 2007) (a court can strike class allegations

---

[11] The Court does not address the other defendants' motions to strike class allegations because it has already dismissed the claims against those defendants.

22

"where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate.").

## III. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED IN PART and DENIED IN PART.  The complaints in *Brown v. Travelers*, 06-5236, *Samantha Nguyen v. St. Paul Travelers*, 06-4130, *Vu Nguyen v. St. Paul Travelers*, 06-5228, and *Bass v. Auto Club*, 06-5233, are hereby dismissed without prejudice. Plaintiffs have twenty days to amend their complaints.  State Farm's motion to strike class allegations is DENIED.

New Orleans, Louisiana, this __5th__ day of November, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT