UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMANTHA NGUYEN ET AL.                          CIVIL ACTION

VERSUS                                          NO: 06-4130

ST. PAUL TRAVELERS INSURANCE                    SECTION: R(1)
CO.


**ORDER**

Before the Court is plaintiffs' motion to alter or amend this Court's Order striking class allegations. For the following reasons, plaintiffs' motion is DENIED.

**I.   BACKGROUND**

On June 27, 2006, Samantha Nguyen and Linh Van Pham filed a petition for damages in state court against Standard Fire. Plaintiffs own property in Louisiana that was damaged as a result of Hurricanes Katrina and/or Rita. They allege that defendant breached its insurance contract with plaintiffs by not including general contractor's overhead and profit costs when adjusting plaintiffs' insurance claims. Plaintiffs seek to bring their

action on behalf of themselves and a class of persons defined in their petition. (R. Doc. 1-2.)

On November 21, 2007, plaintiffs filed an amended complaint. They allege that on August 29, 2005, they had a Standard Fire insurance policy in effect covering damage to their property located at 7656 Expedition Drive, New Orleans, Louisiana. (R. Doc. 302 ¶ 3.) Plaintiffs further allege that their insurance policy provides that defendant "will pay the cost to repair or replace" property damaged by a covered loss, including windstorm or hurricane. (*Id.* ¶¶ 6-7.) The policy provides that defendant will pay "no more than the actual cash value of the damage until actual repair or replacement is complete." (*Id.* ¶ 8.) Finally, plaintiffs allege that in adjusting plaintiffs' loss, defendant determined that to repair the property damage would require the involvement of more than three trades, noting in a footnote that their estimate reflects that the work would require ten trades. (*Id.* ¶¶ 10; 11 n.1.) Defendant did not include general contractor overhead and profit ("GCO&P") as part of its actual cash value payment to plaintiffs, which plaintiffs allege was a breach of the insurance contract. (*Id.* ¶¶ 10-11.) Plaintiffs seek damages for defendant's breach of contract and bad faith in unreasonably failing to pay GCO&P as part of its actual cash value payment to plaintiffs, and for failing to inform plaintiffs

of their right to GCO&P. (*Id.* ¶¶ 25-31.)

On December 18, 2007, Standard Fire moved to dismiss the amended complaint and to strike the class allegations. (R. Doc. 311.) On October 6, 2008, the Court denied Standard Fire's motion to dismiss, and granted its motion to strike because individual issues predominated over questions of law and fact common to the putative class. (R. Doc. 417.) Specifically, the Court held that the determination whether a general contractor's services were reasonably likely to be required was an individualized fact question that would have to be determined for every insured, and that this kind of case-by-case determination was inappropriate for class treatment. (*Id.*) Plaintiffs now move to have the Court alter or amend its judgment striking the class allegations.

## II. LEGAL STANDARD

The reconsideration of a judgment is an "extraordinary remedy" that is used "sparingly." *Templet v. HydoChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). It is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350,

3

355 (5th Cir. 1993).

A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Burma Navigation Corp. v. M/V Reliant Seashore*, 1998 WL 781587, at *1 (E.D. La. Aug. 14, 1998).

**III. ANALYSIS**

Plaintiffs argue four grounds for reconsideration. None is persuasive.

*First*, plaintiffs assert that this Court applied the wrong legal standard to defendant's motion to strike class allegations. According to plaintiffs, the Court should have applied the law applicable to rule 12(f), rather than rule 23(d)(1)(D). Although styled a "motion to strike," defendant's motion was properly considered under rule 23(d)(1)(D), and not rule 12(f). The Court did not strike plaintiffs' class allegations because their allegations were "redundant, immaterial, impertinent, or scandalous," and not because the allegations pleaded "an

4

insufficient defense." Fed. R. Civ. P. 12(f). Rather, the Court exercised its authority under rule 23(d)(1)(D) to "require that the pleadings be amended to eliminate allegations about representation of absent persons" because the substantive requirements of rule 23 were not met. Courts have routinely applied rule 23(d)(1)(D) or its predecessor rule 23(d)(4) to motions to strike class allegations. *Aguilar v. Allstate Fire and Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809 (E.D.La. 3/6/07); *St. Germain v. Scottsdale Ins. Co.*, No. 07-3563, 2007 WL 3465391 (E.D.La. 12/11/07); *Caruso v. Allstate Ins. Co.*, No. 2007 WL 2265100 (E.D.La. 8/3/07); *Terrebonne v. Allstate Ins. Co.*, 251 F.R.D. 208 (E.D.La. 2007); *Stokes v. Allstate Indem. Co.*, No. 06-1053, 2007 WL 1875847 (E.D.La. 6/28/07); *Chetta v. State Farm and Cas Co.,* No. 06-4662, 2007 WL 1233546 (E.D.La. 4/25/07). By contrast, plaintiffs have cited no case that applies rule 12(f) to strike class allegations, and the Court declines to reconsider its judgment on this basis.

*Second*, plaintiffs claim that the Court improperly made a finding of fact that defendant employed no standard to determine whether policyholders were entitled to payment for general contractor overhead and profit. Plaintiffs' argument, however, mis-characterizes the Court's order. Plaintiffs failed to cite authority in their brief in opposition that would prevent

5

Standard Fire from showing on a case-by-case basis that each policyholder is not entitled to GNO&C payments. The Court decided only that individual issues predominate over questions of law or fact common to the putative class, because each policyholder's claim would involve individual questions of fact as to whether they are eligible for payment. The Court made no finding whatsoever regarding Standard Fire's actual practices.

*Third*, plaintiffs argue that the Court's reliance on the Eleventh Circuit's decision in *Mills v. Foremost Insurance Co.*, 511 F.3d 1300 (11th Cir. 2008), was misplaced. The Court cited *Mills* to support its finding that this case is inappropriate for class treatment because each policyholder would have to show that he or she was reasonably likely to require a general contractor's services to recover. Plaintiffs' urge, as they did in their brief in opposition to the defendant's motion to strike, that *Mills* supports their argument that striking class allegations based on the pleadings is improper. The Court notes first that it did not rely solely on *Mills* to reach the holding plaintiffs seek to alter, and plaintiffs make no effort to distinguish the other cases on which the Court relied. Further, as mentioned, plaintiffs argued *Mills* in their brief in opposition to defendant's motion to strike, and the Court was not persuaded. Plaintiffs may disagree with the Court's analysis, but this is

not grounds to reconsider the Court's judgment.

*Fourth*, plaintiffs ask that the Court permit discovery "on the limited issue of whether Standard Fire's adjusters employed a standard for determining Overhead and Profit....Because the Court's Order focuses on whether Standard Fire's adjusters employed a standard for determining Overhead and Profit, there are clearly factual issues between the parties that remain unresolved which could be clarified by additional discovery." Plaintiffs cannot use a Rule 59 motion to request more discovery. *King v. Cole*, 26 F.3d 720, 726 (7th Cir. 1994). In addition, plaintiffs still do not cite authority showing that Standard Fire cannot dispute whether GNO&C payments are required on a case-by-case basis. Consequently, plaintiffs fail to show how additional discovery would make this case appropriate for class treatment.

**IV. CONCLUSION**

For the reasons stated above, plaintiffs motion to alter or amend the Court's order striking class allegations is DENIED.

New Orleans, Louisiana, this <u>5th</u> day of January, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

7